IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR148-5 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| COLLEEN L. McCORMICK, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by the defendant, Colleen L. McCormick ("McCormick") (filing 405, as supplemented by filing 406).[1]  The motion will be dismissed as untimely.

    On September 16, 2002, McCormick was sentenced to a term of 120 months' imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine.  No appeal was taken.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

McCormick's § 2255 motion was filed on April 11, 2005. In it McCormick alleges that there was insufficient evidence to support her conviction, that she was placed in the wrong criminal history category, and that her sentence was excessive when compared to the sentences of her co-conspirators.

Section 2255 contains a one-year statute of limitations, which runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

McCormick's judgment of conviction became final more than one year before her § 2255 motion was filed.[2] McCormick does not claim that she was prevented by governmental action from filing the motion earlier, nor does she rely upon any newly discovered facts.

In an "addendum" (filing 406, docketed as a motion for leave to proceed in forma pauperis) that was filed on the same date as the § 2255 motion, McCormick

---

[2] Because McCormick did not appeal her conviction or sentence, the judgment became final when the time for filing a notice of appeal passed, i.e., 10 days after entry of the judgment. See Fed. R. App. P. 4(b)(1)(A).

references the Supreme Court's ruling in United States v. Booker, 125 S.Ct. 738 (2005). McCormick may claim to be asserting a right that was newly recognized by the Supreme Court in Booker, but, in point of fact, she is relying only upon the remedial portion of the decision that invalidated 18 U.S.C. § 3553(b)(1), a provision of the Federal Sentencing Act that made the Sentencing Guidelines mandatory.[3]

Even assuming that McCormick might claim that she has a "right" under Booker to be sentenced by a judge who has authority to deviate from the federal Sentencing Guidelines, the Supreme Court limited the application of its holdings to cases on direct review. Booker, 125 S.Ct. at 769 ("As these dispositions indicate, we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review."). In this circuit, absent a declaration of retroactivity by the Supreme Court, the retroactivity issue under § 2255(3) is governed by the test explained in Teague v. Lane, 489 U.S. 288, 305-10 (1989), and its progeny. See Nelson v. United States, 184 F.3d 953, 954 (8th Cir. 1999).

> Teague applies when the Supreme Court announces a new rule of criminal procedure. Essentially, if a decision announces a "new rule" of criminal procedure, it is not to be applied retroactively to convictions that have already become final when the decision is announced unless the new rule falls within one of two narrow exceptions. One exception is applicable when the new rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making

---

[3] For purposes of § 2255(3), the "right" that was recognized in Booker is a criminal defendant's right under the Sixth Amendment to have "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict . . . admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct., at 756. As stated in the opinion, however, this holding is merely a reaffirmation of the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Eighth Circuit has held that Apprendi does not apply retroactively to cases on collateral review. United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001).

3

authority to proscribe, or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense. The second exception applies when a new "watershed" rule of criminal procedure implicates the fundamental fairness and accuracy of a criminal proceeding.

Id., 184 F.3d at 955.

Neither of these exceptions apply to Booker. First of all, the Court's holding that the federal Sentencing Guidelines are advisory only was not intended to protect any individual conduct or class of defendant. Secondly, while the decision clearly is significant, the Court's holding is not a "watershed" rule of criminal procedure. As recently explained by the Seventh Circuit:

> The Court held [in the remedial portion of Booker] that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach as guidelines, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently Booker, like Apprendi and Ring, must be treated as a procedural decision for purposes of retroactivity analysis.
>
>    . . . The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process.

4

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (emphasis in original).

I therefore conclude that McCormick's § 2255 motion is time-barred and must be dismissed. Accordingly,

IT IS ORDERED that:

1. Defendant's § 2255 motion (filing 405) is dismissed;

2. Defendant's motion to proceed in forma pauperis (filing 406) is denied; and

3. Judgment shall be entered by separate document.

DATED: May 9, 2005.          BY THE COURT:

                             s/ Richard G. Kopf
                             United States District Judge